IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RCZ MANAGEMENT, LLC,

    Plaintiff,

v.                                                                                          CIV 17-01269 JHR/KBM

LEE HUNT, as personal representative
of the Wrongful Death Estate of
SUI YAN, deceased,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion and Memorandum of Law in Support of its Motion to Compel Arbitration, filed on December 29, 2017 (the "Motion to Compel Arbitration") (Doc. 6); Defendant Lee Hunt's Motion to Dismiss for Failure to Establish Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted, and Failure to Join a Necessary and Indispensable Party, filed on January 16, 2017 (the "Motion to Dismiss") (Doc. 9); Defendant Lee Hunt's Motion to Dismiss Pursuant to the *Colorado River* Abstention Doctrine, filed on January 25, 2018 (the "*Colorado River* Motion") (Doc. 14); and Defendant Lee Hunt's Motion for Summary Judgment Based on Collateral Estoppel, filed on May 9, 2018 (the "Collateral Estoppel" Motion) (Doc. 26). Having thoroughly reviewed the parties' submissions and the relevant law, the Court finds that Defendant's Motion for Summary Judgment Based on Collateral Estoppel is well taken and should be granted. This Motion being dispositive of Plaintiff's entire claim seeking to arbitrate Defendants' state court case, the Motion to Compel Arbitration should be denied, and the Motion to Dismiss and *Colorado River* Motion should also be denied as moot.

1

## BACKGROUND

This case originated with a state court wrongful death case filed in the First Judicial District of New Mexico on May 11, 2017 captioned *Lee Hunt v. The Rio at Rust Centre, LLC, et al.*, D-101-CV-2017-01314. RCZ Management was added as a defendant in Plaintiff Lee Hunt's First Amended Complaint for Wrongful Death, filed on December 5, 2017. In its answer filed on January 12, 2017, RCZ Management, LLC's Sixteenth Affirmative Defense states that the state court "lacks subject matter jurisdiction as a result of an enforceable arbitration agreement, and [Lee Hunt's] Amended Complaint should be dismissed and the parties compelled to arbitrate pursuant to their agreement to arbitrate disputes." (Doc. 26-2 at 2).

RCZ, along with OnPointe Business Services, LLC, also joined The Rio at Cabezon's Motion to Compel Arbitration in the state court case, which was based on the same arbitration contract at issue in the instant case. (*See* Defendants RCZ Management, LLC and OnPointe Business Services, LLC's Notice of Joinder in Motion to Compel Arbitration, filed on January 22, 2018, D-101-CV-2017-01314; and Defendant The Rio at Cabezon's Motion to Compel Arbitration and Memorandum Brief in Support, filed on July 26, 2017, Exhibit B, D-101-CV-2017-01314). The Rio at Cabezon's Motion to Compel Arbitration requests the state court to "enforce the Arbitration Agreement that Sui Yan's general durable power of attorney agreed to on Sui Yan's behalf and to compel Plaintiff to arbitrate all of the claims raised in Plaintiff's Complaint for Wrongful Death against The Rio at Cabezon and its officers, directors, employees, agents, and representatives." (Motion to Compel Arbitration, filed July 26, 2017, at 2, D-101-CV-2017-01314).

On December 29, 2017, Plaintiff RCZ Management, LLC ("RCZ") filed its Complaint in this Court to Compel Arbitration. (Doc. 1). On January 9, 2018, Plaintiff also filed a Motion to Compel Arbitration in this case, arguing that Defendant was bound to arbitrate the claims he brought in state court pursuant to the arbitration agreement. (Doc. 6). The Complaint and Motion to Compel Arbitration both rely on the arbitration agreement that is at issue in the state court case, and which was attached to both pleadings. (*See* Doc. 1-1 at 4-7; Doc. 6-2; Motion to Compel Arbitration and Memorandum Brief in Support, Exhibit B, filed July 26, 2017, D-101-CV-2017-01314).

On January 24, 2018, Defendant Lee Hunt filed his response to the Motion to Compel Arbitration, in which he argued: (1) that the Court lacked subject-matter jurisdiction because RCZ is not diverse from Lee Hunt; (2) RCZ failed to join The Rio at Rust Centre, LLC, which is a necessary and indispensable party; (3) RCZ failed to state a claim due to it not being a party to the subject arbitration agreement; and (4) the arbitration agreement is an unconscionable adhesion contract that cannot be enforced. (Doc. 12 at 18-23). On February 7, 2018, Plaintiff filed a reply in support of its Motion to Compel Arbitration, in which it argued that its members are diverse from Plaintiff and therefore the Court has proper subject-matter jurisdiction, that The Rio at Rust Centre, LLC is not a necessary and indispensable party to this action, that RCZ is a party to the agreement as a "director" of The Rio at Cabezon, and that the arbitration agreement is not an adhesion contract, because it contains safeguards rendering the arbitration provision non-mandatory for admission to the nursing facility. (Doc. 18).

On January 16, 2018, Defendant Lee Hunt filed his Motion to Dismiss in which he reiterated his arguments in his Response to the Motion to Compel Arbitration, namely that: (1) pursuant to Fed. R. Civ. P. 12(b)(1), the Court lacks subject matter jurisdiction because Plaintiff,

having one member of its LLC domiciled in New Mexico, has not established diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1), (Doc. 9 at 4-10); (2) Plaintiff has failed to join The Rio at Rust Centre, LLC as a necessary and indispensable party under Fed. R. Civ. P. 19 (*Id.* at 10-14); and (3) Plaintiff is neither a party nor a third-party beneficiary to the subject arbitration agreement. (*Id.* at 14-18). Plaintiff then filed an Amended Complaint to Compel Arbitration on January 29, 2018, in which it sought to establish its LLC members' respective domiciles in response to the first Motion to Dismiss. (Doc. 15). Because the first Motion to Dismiss reiterates the arguments Defendant makes in his Response to the Motion to Compel, in Plaintiff's Response to the Motion to Dismiss, Plaintiff incorporated the arguments made therein as to the issues of subject-matter jurisdiction and failure to join a necessary and indispensable party. (Doc. 16).

Defendant also filed a Motion to Dismiss Pursuant to the *Colorado River* Abstention Doctrine on January 29, 2018. (Doc. 14). He argues that the Court should abstain from hearing this matter because there is a pending state court case, where the same issue of the enforceability of the arbitration contract as to RCZ is being heard in its joinder to The Rio at Cabezon's Motion to Compel Arbitration in state court. (*Id.* at 2). Plaintiff filed its response on February 7, 2018, arguing that the parallel proceedings do not, alone, allow for abstention, and that the authority to consolidate matters to be arbitrated under the New Mexico Uniform Arbitration Act would negate any prejudice suffered by Defendant in having to litigate two separate actions. (Doc. 17 at 2-3). Defendant's Reply, filed February 15, 2018, which outlines the differences between the parties' positions on each respective factor governing abstention under the *Colorado River* doctrine, contends that the application of the *Colorado River* doctrine's factors to this case weigh in favor of abstention. (Doc. 22 at 3).

On February 1, 2018, Plaintiff Lee Hunt filed a Motion for Partial Summary Judgment, asking the state court to "find as a matter of law that RCZ and OnPointe are not entitled to enforce the Arbitration Agreement [between The Rio at Cabezon and Sui Yan] and that Plaintiffs may proceed with their lawsuit in this Court regardless of the Court's decision regarding The Rio at Cabezon's Motion to Compel Arbitration." (Doc. 26-4 at 4). On May 4, 2018, after hearing oral arguments from the parties, the state court granted Plaintiff's Motion for Partial Summary Judgment on the Issue of RCZ Management, LLC and OnPointe Business Services, LLC's Affirmative Defenses Regarding Arbitration. (Doc. 26-8). Based on the state court's decision that RCZ could not seek to enforce the arbitration agreement, Defendant Lee Hunt filed a Motion for Summary Judgment based on Collateral Estoppel in this Court. (Doc. 26). Lee Hunt argues that RCZ cannot maintain its suit in federal court to compel arbitration because the doctrine of collateral estoppel precludes RCZ from making the same claim that has already been determined in state court. (*Id.* at 10). Plaintiff responded that collateral estoppel does not apply to this case, because the ruling in the state court proceeding was purely an issue of law, and continues to argue that it is a party or third-party beneficiary to the arbitration contract. (Doc. 32 at 12). Defendant replied that the only question before the Court is whether collateral estoppel applies, and the enforceability of the arbitration contract is not a relevant issue at this juncture of the case. (Doc. 33 at 6). He also argues that the state court's ruling was an application of facts to the law, not a pure issue of law. (*Id.* at 7-9).

The Court has thoroughly considered each of the parties' briefs in the Motion to Compel Arbitration, the Motion to Dismiss, the *Colorado River* Doctrine Motion, and the Collateral Estoppel Motion. Because the Court finds that Plaintiff's claim is precluded under the doctrine of collateral estoppel by the state court's ruling in the Motion for Partial Summary Judgment, the

5

Court will grant Defendant's Motion to Dismiss for Plaintiff's failure to state a claim upon which relief may be granted. In granting Defendant's Motion to Dismiss and dismissing the action to compel arbitration with prejudice, the Motion to Compel Arbitration is also necessarily denied. The *Colorado River* Doctrine Motion is denied as moot.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 56, a party may move for summary judgment on a claim or defense, which shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). For purposes of summary judgment, a verified complaint is treated as an affidavit. *Mark v. Jackson*, No. CIV-11-426-M, 2012 WL 1035879, at *8 n. 11 (W.D. Okla. Mar. 12, 2012), *report and recommendation adopted*, No. CIV-11-426-M, 2012 WL 1035761 (W.D. Okla. Mar. 28, 2012) (citing *Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir.1988) (*per curiam* )).

When reviewing a motion for summary judgment, the Court views "'the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party.'" *Beers v. Ballard*, 248 F. App'x 988, 990 (10th Cir. 2007) (quoting *Lawmaster v. Ward,* 125 F.3d 1341, 1346 (10th Cir.1997)). However, a non-moving party who bears the burden of proof at trial on a dispositive issue "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in

order to survive summary judgment." *Sealock*, 218 F.3d at 1209 (citing *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir.1998)).

## ANALYSIS

I. **Plaintiff is collaterally estopped from bringing this action to compel arbitration.**

It is well established that judicial proceedings in courts within the United States have the same full faith and credit between each other. 28 U.S.C. § 1738 (1948). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982); *see also Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002). Under the doctrines of collateral estoppel and res judicata, it is "[a] fundamental precept of common-law adjudication" that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897).

The laws of the state where a prior judgment was made apply to a subsequent federal action where the issue of collateral estoppel or res judicata is raised. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment.") (applying Kansas law to the issue of res judicata raised regarding a prior Kansas state court proceeding); *see also Taylor v. Sturgell,* 553 U.S. 880, 891 n. 4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."). In New Mexico, the elements of collateral estoppel are:

(1) the party to be estopped was a party to the prior proceeding,
(2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication,
(3) the issue was actually litigated in the prior adjudication, and
(4) the issue was necessarily determined in the prior litigation.

*Shovelin v. Cent. New Mexico Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 10, 850 P.2d 996. If these elements are met, the court then determines whether the party against whom collateral estoppel is sought to be applied had a full and fair opportunity to litigate the issue in the prior court. *Id.*

Here, Defendant argues that Plaintiff is collaterally estopped from bringing its action to compel arbitration, because it is a party in the New Mexico state court case in which the issue of whether it could enforce the arbitration agreement it now relies on was necessarily decided. (Doc. 26 at 6-10). Applying the elements of collateral estoppel to this case, the Court notes that:

(1) Plaintiff is a party in the state court action. *See* (Doc. 26-1; First Amended Complaint for Wrongful Death, filed on December 15, 2017, D-101-CV-2017-01314).

(2) This cause of action, in which RCZ Management LLC is seeking to compel Lee Hunt, as personal representative of Sui Yan, to arbitrate his wrongful death claim, is different from the state cause of action for wrongful death.

(3) The issue of Plaintiff's ability to compel arbitration under The Rio at Cabezon's residential agreement was actually litigated in the state court action. Defendant Lee Hunt's Motion for Partial Summary Judgment in state court argued that Plaintiff RCZ Management, LLC should not be able to enforce the arbitration agreement that is at issue in this case. *See* Doc. 26-4; 26-5; 26-6). Moreover, the state court judge held a hearing on the matter in which each party was able to make oral argument on their position regarding the enforceability of the arbitration contract. (Doc. 26-7).

(4) The state court's order granted Lee Hunt's Motion for Partial Summary Judgment, which necessarily determined the issue of Plaintiff RCZ Management, LLC's ability to enforce

the arbitration agreement. *See* Doc. 26-8 (finding Lee Hunt's Motion for Summary Judgment well taken, and granting it); Doc. 26-4 (requesting the court to find as a matter of law that RCZ is not entitled to enforce the Arbitration Agreement).

### a. **RCZ Management, LLC had a full and fair opportunity to litigate the issue of the enforceability of the arbitration agreement.**

As all of the elements for collateral estoppel are met, the Court must now determine whether RCZ Management, LLC had a full and fair opportunity to litigate the issue. To this effect, RCZ makes three arguments: (1) the state court's decision to grant the Motion for Partial Summary Judgment "as a matter of law" was decided as a "pure issue of law," and as such, does not have any preclusive effect under collateral estoppel; (2) the issue has not been necessarily decided in the state court case, because there is a current appeal pending on this issue; and (3) the issue was not fully and fairly litigated because discovery was limited in the state court action such that RCZ could not fully analyze and provide evidence in response to Lee Hunt's Motion for Partial Summary Judgment as to the enforceability of the arbitration agreement. (Doc. 32 at 9-19). The Court finds that RCZ had a full and fair opportunity to litigate the issue of the arbitration agreement's enforceability in state court, and is therefore collaterally estopped from bringing this action to compel arbitration under that agreement in federal court.

In analyzing whether there has been a full and fair opportunity to litigate an issue under collateral estoppel, the court considers countervailing factors, such as "prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum." *Silva v. State*, 1987-NMSC-107, ¶ 12, 106 N.M. 472, 745 P.2d 380. Here, RCZ had the incentive for a vigorous defense and the procedural opportunity to litigate the issue of the arbitration clause's enforceability: it joined The Rio at Cabezon's motion to compel arbitration under the same arbitration agreement; it responded to Lee Hunt's motion for partial summary judgment; and it

had a full and fair opportunity to participate and present its position in the hearing on the motion. The state court was a convenient forum to present the issue of the enforceability of the arbitration agreement since it was already being addressed in The Rio at Cabezon's motion to compel arbitration, which, again, RCZ joined.

Second, whether the issue of RCZ's ability to enforce the arbitration agreement against Sui Yan's estate was appealable is inapposite. A judgment is final when the order is entered, not after an appeal has been completed. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) ("The appealability of a judgment, however, does not hinder its preclusive effect.") (citing 18A Fed. Prac. & Proc. Juris. § 4433, at 78–85) (2d ed.) (noting general rule that a final judgment from a lower court carries res judicata effect even though it is still subject to review by an appellate court). Therefore, RCZ's appeal of the state court's order does not impact the preclusive effect of that order on this Court. Instead, the state court judgment is the device that triggers preclusion under collateral estoppel.

RCZ's complaint that it did not have a full and fair opportunity to litigate the issue because discovery was limited is unavailing for three reasons. First, RCZ, as a contractor with The Rio at Cabezon, who held the contract, would be the party most likely to possess discovery related to the arbitration agreement rather than the estate of Sui Yan. As such, it cannot now complain that it was unable to obtain discovery that would most likely have been in its own possession. Second, RCZ is the party responsible for limiting such discovery by filing the protective order to limit discovery to the issue of the enforceability of the arbitration agreement, and had the option of opposing the motion for summary judgment under Rule 1-056(F), NMRA, which provides that a party opposing summary judgment may present affidavits stating reasons its cannot justify its position, and the court may refuse the application or order a continuance to

allow for further discovery. RCZ, however, did not alert the state court that it required further discovery to justify its position, but presented evidence as if its position was justified even given the discovery limitation. Finally, RCZ reads the discovery limitation too narrowly: discovery was limited to the enforceability of the contract, which is the exact issue being heard in the motion for partial summary judgment. Therefore, it had ample opportunity to conduct discovery on that issue, if it so desired.

Finally, RCZ argues that because the order grants Lee Hunt's motion "as a matter of law," which RCZ interprets to be a "pure issue of law," the order is not given preclusive effect under collateral estoppel. Selectively quoting *Montana v. United States*, 440 U.S. 147, 162 (1979), RCZ states that collateral estoppel "need not apply" to an issue that is a pure issue of law, because "where a court in deciding a case has enunciated a rule of law, the parties in a subsequent action upon a different demand are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases." (Doc. 32 at 12). However, *Montana* does not suggest that a ruling of law applied to the facts of the case is exempt from preclusion under collateral estoppel. In context, *Montana* states a much narrower approach than RCZ suggests. Quoting *United States v. Moser*, 266 U.S. 236, 242 (1924), *Montana* states:

> Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action *upon a different demand* are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law.

*Id.* (emphases in original). Here, the state court has not "enunciated a rule of law" on which a different demand is now being raised. Instead, the *question* of RCZ's right to enforce the arbitration agreement was distinctly adjudged in the original action and therefore "cannot be disputed" in this subsequent action, even if, as RCZ appears to

11

complain,[1] it was reached "upon an erroneous view or by an erroneous application of the law." *Id.*

In sum, because the state court order specifically finds that RCZ cannot seek to enforce the arbitration agreement because it is not a party to the agreement, that specific issue is precluded from being heard in this Court under the doctrine of collateral estoppel. Because RCZ seeks to compel arbitration on the agreement to which it cannot enforce in this action, RCZ is precluded from having this case heard in this Court.

## CONCLUSION

Plaintiff is estopped from seeking to compel arbitration based on the Arbitration Agreement in federal court because the state court has already determined that Plaintiff RCZ cannot enforce the arbitration agreement. Because compelling arbitration is the only basis for Plaintiff's Complaint, the Court must necessarily dismiss the action with prejudice. For the same reasons that the Court grants the Motion to Dismiss, it must also necessarily deny Plaintiff's Motion to Compel Arbitration. The Court need not address the parties' remaining arguments, and thus the remaining arguments are denied as moot.

**WHEREFORE,** IT IS ORDERED THAT:

(1) Claimant-Defendant's Motion for Summary Judgment Based on Collateral Estoppel is GRANTED;

---

[1] RCZ makes three arguments to the point of the state court order's supposed errors: (1) RCZ argues that the arbitration agreement is, in fact, enforceable, contrary to the state court's ruling; (2) the state court order is a ruling on, essentially, a "default judgment" due to the limitation on discovery; and (3) the state court order is ambiguous and does not set forth findings of facts and conclusions of law, so that no preclusive effect can be given to its ruling. (Doc. 32 at 10-11; 17-18). The Court addressed the effect of the limitation on discovery, and dismisses the argument that such a limitation constitutes a default judgment. The Court also finds that the state court order, which grants in full the motion for partial summary judgment, along with the state court's oral rulings at the hearing, are not ambiguous. The motion for partial summary judgment contains specific and definite requests for relief, such as finding that the arbitration agreement was not enforceable, which were granted by the state court order. That particular finding of fact is the issue that is precluded from being heard in this Court.

(2) Plaintiff's Motion and Memorandum of Law In Support of Its Motion to Compel Arbitration is DENIED;

(3) Claimant-Defendant's Motion to Dismiss Pursuant to the *Colorado River* Abstention Doctrine is DENIED AS MOOT;

(4) Claimant-Defendant's Motion to Dismiss for Failure to Establish Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted, and Failure to Join a Necessary and Indispensable Party is DENIED AS MOOT;

(5) Plaintiff's First Amended Complaint to Compel Arbitration is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE